UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CRAIG ROBERT MYERS, *Pro Se*, ) | Case No.: 3:16 CV 659 |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | JUDGE SOLOMON OLIVER, JR. |
| ) | |
| JAMES HAVILAND, ) | |
| ) | |
| Respondent ) | <u>ORDER</u> |

Currently pending before the court in the above-captioned case is *Pro Se* Petitioner Craig Robert Myers' ("Petitioner" or "Mr. Myers") Motion for Stay and Abeyance (Mot. for Stay, ECF No. 51). In his Motion for Stay and Abeyance, Mr. Myers indicates that he has an appeal pending in the Ohio Court of Appeals for the Sixth Appellate District ("state appellate court"). For the following reasons, the Motion for Stay is denied.

Also pending before the court is the Report and Recommendation ("R & R", ECF No. 46) of Magistrate Judge Jonathan D. Greenberg ("Magistrate Judge" or "Judge Greenberg"). Judge Greenberg recommended that the court dismiss Mr. Myers' Petition under 28 U.S.C. § 2254 ("§ 2254 Petition") (ECF No. 1). (R & R, 1-2.) Judge Greenberg also recommended that the following motions filed by Mr. Myers be denied: (1) Motion for Evidentiary Hearing (ECF No. 31); (2) Motion for *In Camera* Examination of Medical Documents (ECF No. 32); (3) Motion to Supplement the Record (ECF No. 33); (4) Motion for Leave to Address Recently Obtained Information (ECF No. 34); (5) Motion for Leave to Expand the Record with Subpoenaed Cell Phone Records (ECF No. 42); (6) Motion for Leave to Expand the Record with Request for Written Finding

(ECF No. 43); (7) Motion for Leave to Expand the Record with "any and all Defendant Exhibits A through K that were filed to the record on February 13, 2012" (ECF No. 44); and (8) Motion for Leave to Further Address October 11, 2012 Bond Revocation (ECF No. 45). Mr. Myers filed Objections (Objs., ECF No. 55) to Judge Greenberg's R & R after the extended filing deadline. For the following reasons, the court adopts Judge Greenberg's R & R and dismisses Mr. Myers' § 2254 Petition.

Additionally, Mr. Myers' Motion for Leave to Expand the Record (ECF No. 52) is pending before the court. For the following reasons, the court denies Mr. Myers' Motion for Leave to Expand the Record (ECF No. 52).

## I. BACKGROUND

Judge Greenberg's R & R exhaustively detailed the factual and procedural background of this case. The court, therefore, adopts the factual and procedural background articulated in the R & R and provides only a summary of the relevant facts.

### A. Factual Summary

The Ohio Court of Appeals for the Sixth Appellate District summarized the facts underlying Mr. Myers' conviction as follows:

> {¶ 2} On the evening of July 15, 2011, J.S., of Marion, Ohio, drove to Craig Myers' home in West Millgrove, Ohio, for dinner. The two had been in an on-and-off-again relationship for approximately a year-and-one-half. The relationship was strained, and the couple had discussed attending counseling together but had taken no action.
>
> {¶ 3} After dinner that evening, Myers and J.S. began discussing their relationship. According to J. S., she told Myers that their relationship was over and that counseling would not alter her decision. Myers began yelling and became verbally abusive. J.S. attempted to leave, but Myers took her car keys and blocked the house exits. She yelled for help and begged Myers for several hours to let her go. During the altercation, J.S. claims that Myers held her by the throat and threw her against the wall and to the floor multiple times. When she tried to escape, he closed the back door on her leg and hand. J.S. testified that their

physical and verbal altercation spanned several hours.

{¶ 4} According to J.S., after hours of verbally and physically struggling with Myers, she consciously changed her approach. Rather than aggressively trying to leave, she became passive. She allowed Myers to escort her to his bedroom whereupon he undressed her and had sex with her. Afterwards, J.S. testified that Myers calmed down and fell asleep.

{¶ 5} At approximately 2:00 a.m. on the morning of July 16, 2011, J.S. woke Myers and requested her keys. He voluntarily returned them, and she left. J.S. drove home, showered, and then went to Marion General Hospital's emergency department. She complained of a headache, as well as pain in her right shoulder, neck, chest, and right arm. Upon examination, she was found to have multiple bruises, contusions, and abrasions on her arms, legs, and chest. She reported the incident to the Wood County sheriff's office that same morning.

{¶ 6} The state charged Myers with felonious assault, under R.C. 2903.11(A)(1), and abduction, under R.C. 2905.02(A)(2). The case went to a jury trial on May 8, 2013. At trial, several witnesses were called, including Katherine Mull, a licensed social worker from the Cocoon Shelter, a domestic violence victims' advocacy organization. Over the objection of the defense, the court permitted Mull to provide testimony describing battered-woman syndrome (BWS), the cycle of violence, and how it affects the behavior of an abused woman. The jury ultimately convicted Myers.

*State v. Myers*, No. WD-13-048, 2014 WL 42691024, at *1 (Ohio App. 6th Dist. Aug. 29, 2014).

### B. Summary of Procedural History

In August 2011, a Wood County Grand Jury charged Mr. Myers with one count of abduction in violation of Ohio Rev. Code § 2905.02(A)(2), in Case No. 2011CR00364. (ECF No. 25-1, Ex. 1.) In November 2011, Mr. Myers was charged with one count of felonious assault in violation of Ohio Rev. Code § 2903.11(A)(1), in Case No. 2011CR0615. (ECF No. 25-1, Ex. 2.) The two cases were combined into Case No. 2011CR0364 following a motion by the State. (ECF No. 25-1, Ex. 4.) Mr. Myers entered a plea of not guilty.

On May 10, 2013, the jury found Mr. Myers guilty as charged. (ECF No. 25-1, Ex. 5.) After trial, but before sentencing, Myers filed a renewed motion for judgment of acquittal on both charges, as well as a motion for a new trial. (ECF No. 25-1, Exs. 6, 7.) The trial court denied both motions.

(ECF No. 25-1, Ex. 9.) On July 8, 2013, Mr. Myers was sentenced to a three year term of incarceration for abduction and an eight year term of incarceration for felonious assault, to be served concurrently. (ECF No. 25-1, Ex. 10.) Mr. Myers timely filed a direct appeal with the Ohio Court of Appeals for the Sixth Appellate District. The state appellate court affirmed Mr. Myers' conviction and sentence, finding that (1) while the testimony of Katherine Muller should have been excluded, the admission of her testimony was a harmless error; and that (2) Mr. Myers' manifest weight of the evidence argument was without merit. *Myers*, 2014 WL 4269104. Mr. Myers did not appeal to the Supreme Court of Ohio.

On December 5, 2013, Mr. Myers filed a *pro se* state habeas petition. (ECF No. 25-1, Ex. 21.) This petition was denied on January 30, 2014 and it does not appear that Mr. Myers appealed this ruling to the state appellate court. (ECF No. 25-1, Ex. 23.) However, Mr. Myers filed an Application to Reopen Appeal pursuant to Ohio App. R. 26(B) on October 3, 2014, which was denied on the merits by the state appellate court. (ECF No. 25-1, Exs. 15, 16.) The Supreme Court of Ohio declined to accept jurisdiction of Mr. Myers' appeal. (ECF No. 25-1, Ex. 20.)

Thereafter, Mr. Myers made several attempts to collaterally challenge his conviction and sentence.[1] All of these motions and petitions were ultimately dismissed. Additionally, Mr. Myers initiated an appeal of the denial of his second state habeas petition on April 10, 2017. This appeal is currently pending before the Ohio Court of Appeals Sixth Appellate District.

---

[1] Specifically, Mr. Myers filed: (1) a motion for leave to file a motion for a new trial (ECF No. 25-1, Ex. 24); (2) a second state habeas petition (ECF No. 25-2, Ex. 25); (3) a second application to reopen pursuant to Ohio App. R. 26(B); (4) a notice of appeal to the Supreme Court of Ohio; (5) motions to obtain records, complete discovery, for release of all personal property from former defense counsel, to dismiss court costs, for reconsideration, to correct a clerical error, and to certify a conflict under App. R. 25(A); and (6) writ of procendo.

On March 8, 2016, Mr. Myers filed the present § 2254 Petition, setting forth four grounds for relief. Grounds One, Two, and Three allege ineffective assistance of trial counsel, trial court error, and prosecutorial misconduct, each on the basis of incorrect jury instructions regarding lesser-included offenses. (§ 2254 Petition, 5-9.) In Ground Four, Mr. Myers alleges that his conviction was against the manifest weight of the evidence. (*Id*. at 10.) Mr. Myers was denied leave to file a fifth ground for relief.[2] (ECF No. 29, 6.) He was granted leave file a sixth ground for relief, in which he asserts that his conviction is not supported by a sufficiency of the evidence. (*Id*.)

Respondent James Haviland ("Respondent" or "Mr. Haviland") filed a Return of Writ on August 3, 2016. (ECF No. 25.) Mr. Myers timely filed his Traverse on September 30, 2016. (ECF No. 30.) Mr. Myers also filed a Motion for *In Camera* Examination of Medical Documents and a Motion to Supplement the Record. On February 16, 2017, Myers filed a Motion for Leave to Address Recently Obtained Information.

Respondent was ordered to file a Reply to the Traverse, but failed to do so. Respondent also failed to file responses to Mr. Myers' Motions for Evidentiary Hearing, *In Camera* Examination of Medical Documents, or Supplementation of the Record. On March 3, 2017, Respondent complied with the court's Order and filed his Reply to the Traverse (ECF No. 37) and Opposition to Mr. Myers' pending motions (ECF No. 36). Mr. Myers filed responses on April 3, 2017. (ECF Nos. 40, 41.) Mr. Myers also filed the following four motions: (1) Motion for Leave to Expand the Record

---

[2] In this fifth claim, Mr. Myers alleges that, "Ohio violated the Petitioner's Fourteenth Amendment Right to Due Process when it failed to review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury lost its way and created the manifest injustice of convicting [Petitioner] . . . ." (ECF No. 26.)

with Subpoenaed Cell Phone Records; (2) Motion for Leave to Expand the Record with Request for Written Finding; (3) Motion for Leave to Expand the Record with "any and all Defendant Exhibits A through K that were filed to the record on February 13, 2012"; and (4) Motion for Leave to Further Address October 11, 2012 Bond Revocation.

On May 8, 2017, Judge Greenberg issued an R & R, denying all of Mr. Myers' motions and recommending that the § 2254 Petition be dismissed. (R & R, 2.) The Magistrate Judge concluded that Ground Four, a manifest weight of the evidence claim, is not cognizable in federal habeas proceedings. (*Id*. at 42.) Judge Greenberg recommended finding that Grounds One, Two, and Three were procedurally defaulted due to a failure to raise such claims on direct appeal or post-conviction appeal. (*Id*. at 47-48.) After conducting a merits review, Judge Greenberg concluded that Mr. Myers' conviction was supported by sufficient evidence and subsequently recommended the denial of Ground Six of the Petition. (*Id*. at 73.)

On July 28, 2017, Mr. Myers filed a Motion for Stay and Abeyance, requesting a stay in order to exhaust unexhausted claims in his petition. That same day, Mr. Myers also filed another Motion for Leave to Expand the Record (ECF No.52).

While the original filing deadline for Mr. Myers' Objections to the R & R was May 25, 2017, the court granted, both in part and in full, three of Mr. Myers' requests for extension of time to file Objections. (Order, Aug. 9. 2017, ECF No. 54.) The third and final filing deadline extended by the court was August 1, 2017. (*Id.*) Mr. Myers failed to meet this extended deadline, filing his Objections to the R & R on August 25, 2017.

## II. LAW AND ANALYSIS

### A. Motion for Stay and Abeyance

In his Motion for Stay and Abeyance, Mr. Myers indicates he has an appeal pending in the Ohio Court of Appeals Sixth Appellate District and that his Petition is a "mixed" petition containing exhausted and unexhausted claims. (Mot. for Stay, 1, 8.) Consequently, Mr. Myers argues that this court should stay consideration of his habeas petition pending resolution of his state court appeal, in which he argues that he was provided ineffective assistance of counsel. (*Id*.) Mr. Myers pending ineffective assistance of counsel appeal is based on trial and appellate counsel's alleged failure to appeal the trial court's denial of Mr. Myers' motion for an *in camera* inspection of Ms. S.'s medical records or to otherwise present evidence of Ms. S.'s medical records, among other claims. (*Id*. at 4.) Mr. Myers' has filed several motions regarding the inspection of the Ms. S.'s medical records, but such claims are not included in his Petition.[3] The underlying theme of these claims is that Ms. S.'s past medical records should have been disclosed to Mr. Myers and admitted as exhibits at trial. My Myers' argues that the medical records will demonstrate that Ms. S.'s right shoulder injury was a pre-existing injury.

A state prisoner must exhaust all available state remedies or have no remaining state remedies available prior to seeking review of a conviction via federal habeas corpus. 28 U.S.C. § 2254(b) and (c); *Castillo v. Peoples*, 489 U.S. 346, 349 (1989); *Riggins v. Macklin*, 936 F.2d 790, 793 (6th Cir.1991). The exhaustion requirement is satisfied when the highest court in the state in

---

[3]   The R & R discusses the issue of medical records in examining Mr. Myers' "Motion for *In Camera* Examination of Medical Documents", "Motion Requesting Leave to Expand the Record Pursuant to Fed. R. Civ. P. 7", "Motion for Leave to Address Recently Obtained Information", and "Request of Evidentiary Hearing on the Claim of Actual Innocence". (R & R, 19-32.)

which petitioner was convicted has been given a full and fair opportunity to rule on all the petitioner's claims. *Manning v. Alexander*, 912 F.2d 878, 881-83 (6th Cir.1990).

A petition that includes both exhausted and unexhausted claims is referred to as a "mixed" petition. *See, e.g.*, *Rhines v. Weber*, 544 U.S. 269, 271 (2005). A stay of the exhausted claims in a mixed petition is appropriate when there is good cause for the petitioner's failure to exhaust his claims and his unexhausted claims are potentially meritorious. *See id*. at 277. However, this court has found that when a petitioner's unexhausted claim is not included in his habeas petition, his petition is not a mixed petition. *See, e.g.*, *Stedman v. Hurley*, No. 1:05CV2051, 2006 WL 2864319, at *8 (N.D. Ohio Oct. 4, 2006); *Moore v. Wilson*, No. 5:07-CV-00537, 2008 WL 2556669, at *2 (N.D. Ohio June 20, 2008). Consequently, this court has denied motions for stay and abeyance when the petitioner seeks a stay in order to exhaust a new claim that is not raised in his habeas petition. *See id*.

In the present case, Mr. Myers' claim of ineffective assistance of counsel due to trial and appellate counsel's failure to appeal the trial court's denial of Mr. Myers' motion for an *in camera* inspection of Ms. S.'s medical records is not included in his Petition. Rather, the only ineffective assistance of counsel claims in the Petition address jury instructions and lesser-included offenses. Mr. Myers did not move to amend his Complaint to include an ineffective assistance of counsel claim regarding the motion for *in camera* inspection of medical records. Thus, the Petition is not properly classified as a "mixed petition" permitting a court to stay exhausted claims while unexhausted claims are resolved in state court. The court finds that a stay is not appropriate under these circumstances.

**B. Report and Recommendation**

Although Mr. Myers was granted, both in part and in full, three extensions to file Objections to the R & R, he failed to timely object to the R & R. Unfortunately, Mr. Myers' Objections were filed more than three weeks after the third extended deadline and three months after the original deadline. When granting in part Mr. Myers' third request for an extension of time, the court indicated that it would grant no further extensions. (Order, Aug. 9, 2017, 2.) By failing to timely object, Mr. Myers has waived the right to appeal this court's Order. *See Thomas v. Arn*, 474 U.S. 140, 152 (1985); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). After careful review of Judge Greenberg's R & R and all other relevant documents in the record, the court finds no clear error. *See* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 addition; *Arn*, 474 U.S. at 150 ("It does not appear that Congress intended to require the district court review of a magistrate[] [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."). Accordingly, the court adopts Judge Greenberg's R & R in its entirety.

In the alternative, the court would adopt Judge Greenberg's R &R even after conducting a de novo review of the portions of the R & R to which Mr. Myers raised untimely Objections. *See* 28 U.S.C. § 636(b)(1) (indicating that a district court is required to conduct a de novo review only of those portions of an R & R to which specific objections have been made). Mr Myers raised objections to the following components of the R & R: (1) the denial of an evidentiary hearing; (2) the finding that the procedural default of Grounds One, Two, and Three should not be excused due to actual innocence; (3) the denial of Mr. Myers' ineffective assistance of counsel claim; (4) the finding that the procedural default of Grounds One, Two, and Three should not be excused due to ineffective assistance of counsel; (5) the denial of the motion to expand the record to include cell

phone records; and (6) prosecutorial misconduct with respect to the disclosure of Ms. S.'s medical records. (Objs.)

Objections One, Two, Three, and Six all rely upon Mr. Myers' argument that Ms. S.'s past medical records should have been disclosed and admitted, and that such records will establish that Ms. S.'s shoulder injury was a pre-existing injury caused by a car accident. However, as discussed above, Mr. Myers' claims regarding Ms. S.'s medical records are not included in or related to the claims in his Petition. Thus, Mr. Myers' objections on these grounds would be overruled in a de novo review by this court.

Objection Four does not challenge the finding that the first three grounds of his Petition are procedurally defaulted, but argues that this default should be excused due to "concurrent representation of counsel" at trial and at part of his direct appeal. (Objs. 32.) While the ineffectiveness of appellate counsel to raise a habeas claim may be cause to excuse procedural default of the claim at issue, a petitioner can not demonstrate that appellate counsel was ineffective if the underlying claim lacks merit. *See Moore v. Mitchell*, 703 F.3d 760, 776 (6th Cir. 2013); *Davie v. Mitchell*, F.3d 297, 312 (6th Cir. 2008).Granting AEDPA deference to the state appellate court findings, this court would find that all three of Mr. Myers' procedurally defaulted claims lack merit and that there is no cause to excuse their default due to ineffective assistance of counsel. With respect to the first underlying claim (ineffective assistance of counsel), this court would find that the state appellate court did not unreasonably apply the familiar standard established in *Strickland v. Washington*, 466 U.S. 668 (1998). *See Moore*, 703 F.3d at 777. Regarding the second underlying claim of incorrect jury instructions, this court would find that the jury instructions at issue did not "infect the entire trial [such] that the resulting conviction violates due process." *See Estelle v.*

*McGuire*, 502 U.S. 62, 72 (1991). This court would find that Mr. Myers' third underlying claim of prosecutorial misconduct for "allowing the judge to incorrectly state the law" fails for same reasons as his claim of incorrect jury instructions.

In Objection Five, Mr. Myers objects to the denial of his motion to expand the record to include Ms. S.'s cell phone records. The court would deny this motion and find that the cell phone records at issue would not establish actual innocence or support other grounds of the Petition. The court would find that a showing that Ms. S. possessed her cell phone at 2:25 a.m. would not suggest that she was free to leave Mr. Myers' home in the hours prior, as Mr. Myers' argues.

### C. Motion to Expand the Record

In his Motion for Leave to Expand the Record, filed on July 28, 2017, Mr. Myers requests that the record be expanded to include the motions filed by former trial counsel requesting disclosure of Ms. S.'s medical records and an *in camera* examination of such records. (ECF No.52, 1.) Mr. Myers filed this motion after the R & R was issued by Judge Greenberg on May 8, 2017.

Rule 7 (a) of the rules governing § 2254 cases, 28 U.S.C. § 2254, indicates that if a habeas petition is not summarily dismissed, the district court judge "may direct the record be expanded by the parties by the inclusion of additional materials relevant to the determination of the merits of the petition." As explained in the R & R and discussed above, the Petition does not include any claims to which Ms. S.'s medical records are relevant. (R & R, 22.) Consequently, the court finds that the motions regarding Ms. S.'s medical records are not relevant to the determination of the merits of the Petition and denies Mr. Myers' request to expand the record.

### III. CONCLUSION

For the foregoing reasons, the court adopts Judge Greenberg's R & R (ECF No. 46) for the

reasons stated therein, as well as those explained herein, and hereby dismisses Mr. Myers' Petition under 28 U.S.C. § 2254 (ECF No. 1) and denies the Motions addressed in the R & R (ECF Nos. 31, 32, 33, 34, 42, 43, 44, 45). The court also denies Mr. Myers' Motion for Stay and Abeyance (ECF No. 51), as well as his Motion for Leave to Expand the Record (ECF No. 52). The court certifies that, pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and that there is no basis on which to issue a certificate of appealability. Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c).

    IT IS SO ORDERED.

    */s/ SOLOMON OLIVER, JR.*
    UNITED STATES DISTRICT JUDGE

October 26, 2017